IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KEITH MARTIN BORRA, | Cause No. CV 24-109-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN DEMETRIC GODFREY, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on a document filed by pro se prisoner Keith Martin Borra ("Borra"). (Doc. 1.) The filing was originally sent to the Ninth Circuit Court of Appeals and a subsequent order was entered directing the matter be transferred to this District. (Doc. 1-1.) Because Borra's petition was captioned for state court and he did not utilize the standard 28 U.S.C. § 2254 form, he was directed to file an amended petition if he wished to proceed in this Court. (Doc. 2.) Borra timely complied by filing an amended petition. (Doc. 3.) Borra subsequently filed a second amended petition, (Doc. 5), however, the two documents are essentially identical in form and content. (Doc. 3), cf. (Doc. 5.)

Borra also seeks leave of the Court to proceed in forma pauperis. (Docs. 4

& 6.) Because his account statement reveals he may not be able to afford all costs associated with this action, the motion will be granted.

**Background**

Borra challenges a 2019 judgment of conviction handed down in Montana's Tenth Judicial District, Fergus County. (Doc. 3 at 2.) Following a jury trial, Borra was convicted of Tampering with a Witness/Informant and Stalking. (*Id.* at 3.) Borra was sentenced to a 5-year commitment to the Montana Department of Corrections on each count, with the sentences to run consecutively. (*Id.*)

Borra indicates he attempted to file a motion for an out-of-time appeal with the Montana Supreme Court and a motion for a new trial in the state district court. (*Id.* at 3-4.) Both requests were denied. Borra has also filed petitions for habeas corpus relief in the Montana Supreme Court. Pertinent to the present action is Borra's filing in *Borra v. Godfrey*, OP 24-0657, Pet. (filed Oct. 9, 2024.)[1] There, Borra argued that the state court erred by failing to indict him via a grand jury, and instead initiated criminal charges by filing an information. The Montana Supreme Court, noted that Borra's premise and basis for his writ lacked merit, and observed that the same argument had been presented "many times." *Borra v. Godfrey*, OP

---

[1] A copy of Borra's state petition is attached as an exhibit to his amended petition. *See*, (Doc. 3-1 at 1-4.)

24-0657, Ord at 1-2. (Mont. Nov. 26, 2024)(citation omitted).[2] The Court noted that over a decade ago, it was explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Id.* at 2 (*citing State v. Montgomery*, 2015 MT 151, ¶ 9, 379 Mont. 353, 350 P. 3d 77). The Court found that the state district court had subject matter jurisdiction over Borra's criminal case. *Id.* Further, the Court determined Borra failed to demonstrate an illegal sentence, that he was properly prosecuted, and his conviction was not void. The matter was denied and dismissed.

In the instant matter, Borra advances a similar argument. He claims that his constitutional right to be prosecuted by a grand jury was denied, in violation of the Fifth Amendment. (Doc. 3 at 4.) Borra seeks immediate release from custody and asks that his 2019 conviction be expunged. (*Id.* at 7.)

**Analysis**

There have been several recent filings by state prisoners housed at Crossroads Correctional Center, in which individuals have advanced the same argument.[3] As the others have been advised, this claim is wholly lacking in merit. The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand

---

[2] A copy of the Court's Order is attached as an exhibit to Borra's amended petition. (Doc. 3-1 at 5-7.)

[3] *See e.g., Bagnell v. Godfrey*, Cause No. CV-24-166-M-DWM, Ex. (Doc. 1-1 at 4-6)(utilizing the same form as Borra); *see also, Johnson v. Godfrey*, Cause No. CV 24-105-GF-DLC, Ex. (Doc. 1-1 at 1-3)(same).

jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California*, 110 U.S. 516, 535 (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); *see also Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Thus, to the extent that Borra believes he was constitutionally entitled to indictment by a grand jury in his state matter, and that his constitutional rights were violated when he was prosecuted via information, he is mistaken. This Court has consistently rejected such a claim as frivolous and wholly lacking in substantive merit.[4] Accordingly,

---

[4] *See e.g., Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at 2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim); *Haithcox v. Salmonsen*, CV-21-46-H-BMM, Or. at 3-4 (D. Mont. March 10, 2022)(rejecting grand jury argument and finding state's information charging procedure to be lawful and authorized under

Borra's petition will be denied.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because Borra's Fifth Amendment challenge lacks merit. Accordingly, there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

**ORDER**

1. Borra's Amended Petition (Doc. 3) and Second Amended Petition (Doc. 5) are **DENIED** on the merits.

---

state law); *Christopher v. Salmonsen*, CV 23-86-M-DLC, Or. at 3-6 (D. Mont. Nov. 2, 2023)(rejecting Fifth Amendment grand jury claim as frivolous).

2. Borra's Motions to Proceed in forma pauperis (Docs. 4 & 6) are **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 2nd day of January, 2025.

_____
Donald W. Molloy, District Judge
United States District Court